**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

**Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500**

**MOTION INFORMATION STATEMENT**

Docket Number(s): 26-389

Motion for: Vacating or Tolling Briefing Schedule,

Postponing Consideration of Pending Motion to Stay, and

Dissolution of Administrative Stay

Set forth below precise, complete statement of relief sought:

Vacating or tolling the expedited briefing schedule in place;

Postponing consideration of the pending motion to stay;

Immediate dissolution of the administrative stay

district court's order and judgment, which was entered

on March 11, 2026.

Caption [use short title]

# Kladny v. Deza

MOVING PARTY: Martin Kladny

OPPOSING PARTY: Alexandra Jazmin Ruiz Deza

[✓] Plaintiff  [ ] Defendant

[ ] Appellant/Petitioner  [✓] Appellee/Respondent

MOVING ATTORNEY: Chazz T. Freeman

OPPOSING ATTORNEY: Camilla Redmond Costa

[name of attorney, with firm, address, phone number and e-mail]

Holland & Knight LLP

701 Brickell Avenue, Suite 3300, Miami, FL 33130

(305) 789-7668 chazz.freeman@hklaw.com

Green Kaminer Min & Rockmore LLP

420 Lexington Avenue, Suite 2821, New York, NY 10170

(212) 681-6400 credmond@gkmrlaw.com

Court- Judge/ Agency appealed from: U.S. District Court for the Eastern District of New York - Judge Orelia E. Merchant

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
[✓] Yes  [ ] No (explain):_____

Opposing counsel's position on motion:
[ ] Unopposed [✓] Opposed [ ] Don't Know
Does opposing counsel intend to file a response:
[✓] Yes  [ ] No  [ ] Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?  [ ] Yes [ ] No
Has this relief been previously sought in this court?  [ ] Yes [ ] No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested? [ ] Yes [✓] No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? [ ] Yes [✓] No If yes, enter date:_____

**Signature of Moving Attorney:**

Chazz T. Freeman  Date: 3/26/2026  Service by: [✓] CM/ECF  [ ] Other [Attach proof of service]

Form T-1080 (rev.12-13)

**No. 26-389**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

MARTIN KLADNY,

    *Petitioner-Appellee*

v.

ALEXANDRA JAZMIN RUIZ DEZA

    *Respondent-Appellant*

---

On Appeal from the United States District,
Eastern District of New York,
Case No. 2:25-cv-05754; Judge Orelia E. Merchant, Presiding

---

**PETITIONER-APPELLEE'S NOTICE REGARDING RESPONDENT-
APPELLANT'S POST-JUDGMENT MOTION AND MOTION TO VACATE
OR TOLL BRIEFING SCHEDULE, POSTPONE CONSIDERATION OF
PENDING MOTION TO STAY, AND DISSOLVE ADMINISTRATIVE STAY**

---

Lucila I. M. Hemmingsen
SAGIANCE LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 520-6672
lhemmingsen@sagiancellp.com

Chazz T. Freeman
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33130
Tel: (305) 789-7668
chazz.freeman@hklaw.com

*Counsel for Petitioner-Appellee*

Appellee-Petitioner Martin Kladny ("Appellee") respectfully submits this Notice to apprise the Court of a development in the district court that directly affects this Court's jurisdiction over the pending appeal, and respectfully requests that the Court (1) vacate or toll the expedited briefing schedule issued on March 11, 2026 (DE 19); (2) refrain from considering the pending motion to stay (DE 13); and (3) lift the administrative stay put in place on March 11, 2026. (DE 19).

### RELEVANT PROCEDURAL BACKGROUND

On October 14, 2025, Appellee filed a petition in the U.S. District Court for the Eastern District of New York pursuant to the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act, seeking the return of his wrongfully removed child (the "Child") from Appellant-Respondent Alexandra Jazmin Ruiz Deza ("Appellant"). (DE 1 in Case No. 2:25-cv-05754). On February 19, 2026, the district court issued a Return Order, granting Appellee's petition for return and ordering the Child to be returned to Argentina (the "Return Order"). (DE 60 in Case No. 2:25-cv-05754). The Clerk of Court entered judgment on February 20, 2026 (the "Judgment"). (DE 62 in Case No. 2:25-cv-05754).

On February 20, 2026, Appellant noticed an appeal of the Return Order and Judgment to this Court (the "Notice of Appeal"). (DE 63 in Case No. 2:25-cv-05754). On February 24, 2026, Appellant moved this Court to stay enforcement of

the district court's February 19, 2026 Return Order and February 20, 2026 Judgment (the "Motion to Stay"). (DE 13). Appellant never moved for a stay in the district court. The Court granted an administrative stay of the district court's Return Order and Judgment on March 11, 2026, and referred the Motion to Stay to a three-Judge panel. (DE 19). On March 20, 2026—after the Court imposed the administrative stay—Appellant filed a Motion to Vacate Judgment Pursuant to Rule 59(e) and 60(b) of the Federal Rules of Civil Procedure (the "Motion to Vacate Judgment"). (DE 71 in Case No. 2:25-cv-05754). The Motion to Stay has been added to the Court's substantive motions calendar for Tuesday, March 31, 2026. (DE 28).

## NOTICE REGARDING APPELLANT'S POST-JUDGMENT MOTION IN DISTRICT COURT

As explained, on March 20, 2026, Appellant filed her Motion to Vacate Judgment in the district court. (DE 72 in Case No. 2:25-cv-05754). As of the time of this filing, Appellant has apparently failed to apprise the Court that she filed the Motion to Vacate in the district court, contravening Local Rule 4.2 of this Court, which provides: "A party who has filed a notice of appeal must promptly notify this Court when a motion referenced in FRAP 4(a)(4), 4(b)(3), or 6(b)(2) is filed, and must notify this court within 14 days after entry of the order disposing of the last such remaining motion." The Motion to Vacate filed by Appellant is a motion referenced in Federal Rule of Appellate Procedure 4(a)(4), and thus Appellant was required—but failed—to notify this Court of her filing.

**MOTION TO VACATE
BRIEFING SCHEDULE, POSTPONE CONSIDERATION
OF MOTION TO STAY, AND DISSOLVE ADMINISTRATIVE STAY**

I.    **The Court Should Vacate or Toll the Expedited Briefing Schedule and Postpone Consideration of the Motion to Stay Pending a Return of Its Jurisdiction Over This Appeal**

Under Federal Rule of Appellate Procedure 4, a notice of appeal filed before the disposition of a Rule 59 or Rule 60 motion does not become effective until "the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(I). The Advisory Committee Notes to the 1993 Amendments to the Federal Rules of Appellate Procedure explain that "[a] notice filed before the filing of one of the specified motions," including under Federal Rule of Civil Procedure 59 or 60, "is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals." Fed. R. App. P. 4, Advisory Committee Notes to 1993 Amendments, Note to Paragraph (a)(4).

This Court has recognized that the filing of a post-trial motion listed in Rule 4 "suspend[s] the effectiveness of the notice of appeal," thereby "temporarily destroy[ing] [the Court's] jurisdiction to adjudicate the appeal" until the district court resolves the motion. *Hertzner v. Henderson*, 292 F.3d 302, 303–04 (2d Cir. 2002); *see also Stewart Park & Reserve Coalition Inc. v. Slater*, 374 F. Supp. 2d 243, 251–52 (N.D.N.Y. 2005) (holding that appeal was "ineffective" and "held in

4

abeyance pending the district court's disposition of the post-judgment motion" where party filed notice of appeal *before* filing Rule 59(e) motion); *Woodard v. Hardenfelder*, 845 F.Supp. 960, 964–65 (E.D.N.Y. 1994) (explaining the same).

Because Appellant's post-judgment motion is now pending in the district court, the Notice of Appeal is ineffective, and this Court presently lacks jurisdiction to adjudicate the merits of the appeal or to resolve Appellant's Motion to Stay (DE 13), which is currently scheduled for consideration on March 31, 2026. (DE 28). Accordingly, Appellee respectfully requests that the Court vacate or toll the expedited briefing schedule issued on March 11, 2026, pending the district court's resolution of the Motion to Vacate Judgment. (DE 19). Moreover, Appellee respectfully requests that the Court refrain from adjudicating the merits of the pending Motion to Stay filed by Appellant given the suspension of the Court's jurisdiction unless and until the district court resolves the Motion to Vacate Judgment. (DE 13, 19, 28).

## II. The Court Should Lift Its Administrative Stay

While the filing of a post-judgment motion in the district court temporarily divests this Court of jurisdiction over the appeal, the Court retains "legal authority to enter housekeeping orders to control [its] own docket." *Hertzner*, 292 F.3d at 303. Accordingly, although the Court may not adjudicate the merits of the appeal or the pending Motion to Stay, it may dissolve its own administrative stay. *See U.S. v.*

*Texas*, 144 S.Ct. 797, 798 n.1, 799 (2024) (describing administrative stays as a "stopgap decision" and explaining that "commentators have pointed to a court's inherent authority to manage its docket, as well as to the All Writs Act," as the basis for authority to enter such temporary stays).

The Court should lift the administrative stay now that it lacks jurisdiction over the appeal and it is unknown when such jurisdiction will return. If the administrative stay remains in place, it will persist at least until the district court resolves the Motion to Vacate Judgment, jurisdiction returns to this Court, and the Court resolves any revived motion to stay briefing—a process that may take substantial time. Leaving the administrative stay in effect would allow Appellant to obtain the benefit of a stay of the Return Order and Judgment by filing a notice of appeal and then, through a tactical post-judgment filing, divest this Court of jurisdiction to actually resolve the merits of that stay. That maneuver would unjustly prolong the suspension of the district court's Return Order and Judgment and undermine the purposes of the Hague Convention, which "generally requires the 'prompt return' of a child to the child's country of habitual residence when the child has been wrongfully removed to or retained in another country." *Golan v. Saada*, 596 U.S. 666, 670 (2022) (quoting Hague Convention, Art. 1(a)); *see also Chafin v. Chafin*, 568 U.S. 165, 179 (2013) ("[W]hether at the district or appellate court level, courts can and should take steps to decide these cases as expeditiously as possible, for the sake of the children who

find themselves in such an unfortunate situation."). Permitting the administrative stay to persist while the Motion to Vacate is being briefed and adjudicated in the district court would ensure that the Child will "lose precious months when she could have been readjusting to life in her country of habitual residence." *Chafin*, 568 U.S. at 178.

Lifting the administrative stay would not unduly prejudice Appellant: she remains free to seek a stay in the district court—the forum where such requests are ordinarily made in the first instance. *See* Fed. R. App. P. 8(a); *Hirschfeld v. Bd. of Elections in City of New York*, 984 F.2d 35, 38 (2d Cir. 1993). With jurisdiction restored to the district court, that court—having presided over the trial and being most familiar with the factual record—can determine whether a stay is warranted and whether it would serve the best interests of the Child.

## CONCLUSION

For the foregoing reasons, Appellee respectfully requests that this Court (1) take notice of Appellant's filing of the Motion to Vacate Judgment in the district court; (2) vacate or toll the expedited briefing schedule; (3) postpone any resolution of the Motion to Stay filed by Appellant until jurisdiction returns to this Court; and (4) lift the administrative stay currently in place.

## SECOND CIRCUIT LOCAL RULE 27.1(b) STATEMENT

On March 25, 2026, undersigned counsel for Appellee notified opposing counsel of the intent to file this Motion and to pursue the relief sought herein. Opposing counsel opposes the relief sought and intends to file a response to the Motion.

Dated: March 26, 2026                  Respectfully submitted,

By:    */s/* Chazz T. Freeman

Chazz T. Freeman
HOLLAND & KNIGHT LLP
701 Brickell Avenue, Suite 3300
Miami, FL 33130
Phone: (305) 389-7668
chazz.freeman@hklaw.com

Lucila I. M. Hemmingsen
SAGIANCE LLP
125 Park Avenue, 25th Floor
New York, NY 10017
Phone: (212) 520-6672
lhemmingsen@sagiancellp.com

*Counsel for Petitioner-Appellee*
*Martin Kladny*

8

## CERTIFICATE OF COMPLIANCE

1.      This document complies with the word limit of Fed. R. App. P. 27 because, excluding the parts of the document exempted by Fed R. App. P. 32(f), this document contains 1,456 words.

2.      This document complies with the typeface requirements of Fed R. App. P. 32(a)(5) and the type-style requirements of Fed R. App. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in size 14 Times New Roman font for the body and footnotes.

Dated: March 26, 2026

/s/ Chazz T. Freeman
Chazz T. Freeman

9

## CERTIFICATE OF SERVICE

I, Chazz T. Freeman, counsel for Petitioner-Appellee and a member of the Bar of this Court, hereby certify that, on March 26, 2026, a copy of the foregoing motion was filed electronically through the appellate CM/ECF system with the Clerk of the Court. I further certify that all parties required to be served have been served.

Dated: March 26, 2026

/s/ Chazz T. Freeman
Chazz T. Freeman

10